

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00277-CR

**AERIAL MONIQUE SIMON,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2019-413-C1

## ABATEMENT ORDER

Appellant's brief was due January 27, 2022. After three extensions of time to file a brief were granted, appellant's brief was due April 29, 2022. Appellant requested another 30 days to file a brief which was denied by the Court because the Court could not, in good conscience, grant appellant over five times the amount of time permitted to file a brief. Appellant's brief was ordered to be filed by May 27, 2022.

On May 27, 2022, appellant requested yet another extension of time, to June 10, 2022, to file her brief because counsel discovered that counsel did not receive sealed

exhibits with counsel's copy of the reporters record, and has requested permission from the trial court to receive a copy of these sealed exhibits. Counsel "believes the trial court will sign an order permitting him to receive the sealed exhibits in the next week," and "anticipates that [counsel] will be able to review the exhibits quickly and file a brief shortly thereafter."

Counsel has had ample time to discover that exhibits were missing from the reporter's record.

Accordingly, this appeal is ABATED to the trial court to determine, at the same time the trial court is considering whether trial counsel is permitted to have access to the sealed exhibits,[1] no later than 14 days from the date of this ORDER, whether appellant is receiving affective assistance of counsel, and if not, whether to appoint new or additional counsel to represent appellant effectively. A supplemental clerk's record containing the trial court's written determination must be filed within 21 days from the date of this Order.

PER CURIAM

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Appeal abated
Order issued and filed June 2, 2022
[RWR]



---

[1] We take no position upon the issue of whether the procedure counsel has decided to use is the proper procedure to obtain access to sealed exhibits in the appellate record.